R. I. Hospital Trust Co., Trustee, *vs.* Anna A. Babbitt
*et al.*

PROVIDENCE—MAY 18, 1900.

Present : Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Life-Tenant and Remainder-men.   Apportionment of Expenses.   Assessments.*

A testamentary devise in trust directed the trustee out of the income to pay all taxes, rates, assessments and expenses for insurance and repairs, and other expenses and outgoings of every nature upon or in respect of the trust estate, and to pay over the residue of the income to X. for life, and upon her decease to convey the trust estate in fee :—

*Held*, that the word "assessments," from its association, did not include assessments for benefits to the estate resulting from the new layout of a street, or for the construction of sewers ; and that such expenses should be apportioned between the life-tenant and remainder-men in the proportion which the value of the life-estate bore to the value of the whole estate.

(2) *Equitable Apportionment.*

*Held*, further, that where an assessment against certain unimproved lots of the estate had been paid by the trustee out of the proceeds of certain other unimproved property, the price of which formed part of the principal of the trust estate to the income of which the life-tenant was entitled, that such payment was itself an equitable apportionment of the assessment between the life-tenant and the remainder-men.

Bill in Equity, by a trustee, for instructions.

Matteson, C. J.   This is a bill for instructions.   The case is as follows :

The will of Moses B. Jenkins, late of Providence, deceased, directs the trustee under it to receive and collect all rents and income of the trust estate, real and personal, and after paying therefrom all taxes, rates, assessments and expenses for insurance and repairs, and other expenses and outgoings of every nature upon or in respect of the trust estate or the execution of the trusts, including a reasonable compensation to the trustee for services, to pay over the residue or net income to his sister, the respondent Anna A. Babbitt, during her life ; and on her decease to convey, divide, and distribute the trust estate in fee to and among such of his nieces, the

8

respondents Alice M. Fox and Anna J. Chapin, as shall then be living, and the issue then living of either who shall have then deceased; the nieces, if both living, to take in equal shares, and the issue of either who shall have deceased to take by representation and in equal shares, as between brother and sister, the portion only which their parent would have taken if then living.

Among the parcels of real estate held by the trustee under the trusts of the will are certain improved estates on North Main and Canal streets, in Providence. Under proceedings instituted by the city of Providence for the layout and extension of Canal street, these estates were assessed for benefits in the sum of $634.90.

Besides the estates on North Main and Canal streets, the trustee also held under the trusts two lots of unimproved land lying between Angell street, South Angell street, and Butler avenue, in Providence. These lots were assessed by the city of Providence in the sum of $1,048.15 for sewers theretofore laid by the city in South Angell street and Butler avenue.

To avoid the payment of interest and penalties, the complainant, on October 22, 1898, paid the city treasurer of Providence the $634.90 for the Canal street assessment, and on June 15, 1899, $1,048.15 for the sewer assessments.

Questions have arisen as to and from what funds of the trust estates these assessments, respectively, shall be charged and paid: whether entirely to and from the income to which the life-tenant is entitled, or to and from the principal of the trust estate, or otherwise.

(1)      We will consider, first, the assessment on the North Main and Canal street property. It is contended in behalf of the remainder-men that the intention of the testator was that they should receive the property given to them intact, and hence that these assessments should be paid out of the income. This contention is based on the use of the word "assessments" in the provision of the will stated above directing the trustee to receive and collect all rents and income of the

trust estate, and after paying *therefrom* all taxes, rates, and *assessments* and expenses for insurance and repairs, *and other expenses and outgoings of every nature* in respect of the trust estate, to pay over the income, &c.

Though the word "assessments" is broad enough to include such assessments as those in question, we are nevertheless of the opinion that, as used in the provision of the will above stated, it refers not to assessments of a permanent character, such as result from a new layout of a street or the construction of sewers, but that it was merely an additional word employed by the testator to emphasize his intention to include all expenses which may be termed the current expenses of the trust estate. The word "assessment" being equivocal, its construction is to be determined by the context in accordance with the maxim "*Noscitur a sociis*." The words with which it is associated are taxes, rates, expenses for insurance and repairs, and other expenses and outgoings, all of which are words relating to the usual expenses and outlays incident to the care and management of an estate, and which are of a temporary character. While it is equitable, and the rule, that the life-tenant shall pay expenses of this sort, it is not equitable that he should be required to pay expenditures which go to the permanent improvement of the property, beyond the proportion which the value of his life-estate bears to the value of the whole estate. It was doubtless in recognition of this principle that Pub. Laws R. I. cap. 1239, of May 4, 1893, was enacted. Unless, therefore, the intention of the testator is sufficiently clear that the life-tenant should bear the whole burden of assessments of the kind in question, which we do not think is the case in the present instance, the amounts of such assessments should be apportioned between the life-tenant and remainder-men in the manner stated. We so decide in relation to the assessment on the North Main and Canal street estates. *Love* v. *Howard*, 6 R. I. 116; *Beals* v. *Providence Rubber Co.*, 11 R. I. 381; *Chambers* v. *Chambers*, 20 R. I. 370.

(2)    The case shows that the assessment for sewers on the un-

improved lots was paid by the complainant out of the price received for certain unimproved lands of the trust estate sold by the complainant March 13, 1899, which price, after the sale, formed part of the principal of the trust estate to the income of which the life-tenant was entitled during her life. We think, as contended by the life-tenant, that such payment by the trustee was in itself an equitable apportionment of the assessment between herself and the remaindermen, since by such payment she loses during life the income of the sum paid, and the increased value given by the betterment to the trust estate takes the place of the sum paid and enures to the benefit of the remainder-men.

*Tillinghast & Tillinghast,* for complainant.
*Arnold Green and John F. Lonsdale,* for respondents.